IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SY KEONON | CASE NO. CV-F-05-0011 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RE MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION** (Doc. 24) |
| vs. | |
| JO ANNE BARNART, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Sy Keonon ("claimant") seeks judicial review of an administrative decision finding that the claimant's disability under the Social Security Act ("Act") ceased effective September 1, 2001. Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner").

Claimant filed her complaint on January 4, 2005 and her opening brief on February 15, 2006. The Commissioner filed her opposition to the appeal on March 17, 2006. Claimant did not file a reply brief.

## BACKGROUND

### Administrative Proceedings

Claimant filed an application for disability insurance benefits under the Social Security Act on July 6, 1991. (Administrative Record "AR" 13.) Claimant's application for benefits was granted by an Administrative Law Judge ("ALJ") in a decision issued on April 13, 1993 and benefits were awarded. (AR 40.) On September 1, 2001, claimant was notified that the Social Security Administration had

found that her condition had medically improved and that she was able to work. (AR 45-48.) The cessation was affirmed upon reconsideration. (AR 51-53.) On December 26, 2002, a disability hearing officer determined that the claimant's residual functional capacity had improved and that she was able to work effective September 2001. (AR 55.) On November 22, 2002, an Administrative Law Judge ("ALJ") issued a decision finding that claimant's disability had ceased as of September 1, 2001. (AR 233-245). On November 13, 2003, the Appeals Council granted review, vacated the decision, and remanded the case for expert vocational evidence. (AR 258-260.) On August 11, 2004, the ALJ issued a decision finding that claimant's disability had ceased as of September 1, 2001, and terminating her entitlement to SSI benefits as of November 1, 2001. (AR 13-25.) The Appeals Council denied review on December 10, 2004. (AR 4-6.) Claimant filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

## Claimant's Work Experience

Claimant has no past relevant work.

## Medical History

The pertinent medical history is summarized as follows.

On March 8, 1993, claimant's treating physician, Orlando T. Collado, M.D., diagnosed a depressive disorder, an anxiety disorder, and a post traumatic stress disorder, and opined that claimant was moderately to markedly limited in all areas of mental functioning. (Supplemental AR Exhibit 17 at 1-2). Dr. Collado continued to treat claimant from 1997 through 2001. (AR 202-231.)

On July 28, 2001, claimant underwent a psychiatric evaluation by Ekram Michiel, M.D at the request of the Commissioner. (AR 198-201.) Claimant was on time, neatly groomed, and cooperative. (AR 198.) She did not have involuntary movements, bizarre behavior or mannerisms. Claimant complained of being sad and angry, but taking medication. (AR 198.) Claimant reported that she able to take care of her personal hygiene, shop occasionally, cook noodles and do light household chores, but sits alone at home or walks. (AR 199.) During the interview, claimant kept good eye contact, speech was normal, with mild latency, normal body movements, thoughts were coherent and logical. (AR 199.) Her mood was depressed, affect was constricted and claimant denied suicidal or homicidal ideations. (AR 200.) Her thought process was goal-directed, and not delusional. (AR 200.) Dr. Michiel diagnosed

depressive disorder, NOS, with a Global Assessment of Functioning of 55-60. (AR 200.) He concluded that claimant is able to maintain adequate attention and concentration and to carry out one or two step simple job instructions, relate and interact appropriately with coworkers, supervisors and the general public, but unable to carry out technical or complex instructions. (AR 200.)

A psychiatric review technique form completed by state agency physician Evelyn Aquino-Caro, M.D. on August 21, 2001 determined that claimant did not have a medically determinable impairment. (AR 147.)

A psychiatric review technique form completed by state agency physician Glen Ikawa, M.D. on November 21, 2001 found claimant had an affective disorder which had mild restrictions of activities of daily living, in maintaining social functioning and in maintaining concentration, persistence or pace. (AR 115-125.) Dr. Ikawa further found that claimant was not significantly limited in most areas of mental functioning, but that she was moderately limited in her ability to understand, remember and carry out detailed instructions. (AR 131-132.) He functionally assessed claimant as capable of performing simple, repetitive tasks in 2 hour intervals, finishing an 8 hour workday and capable of interacting with people and adapting to normal work situations. (AR 133.)

On September 7, 2002, Dr. Collado opined that claimant was mildly limited in her ability to perform daily life activities, moderately limited in her ability to maintain social functioning and concentration, persistence and pace, and that she had experienced one or two episodes of decompensation. (AR 225-226). In a psychiatric medical source statement also date September 7, 2002, Dr. Collado further stated that claimant was fearful around people and that she could not remember complex instructions. (AR 29.) She had a fair ability to understand, remember and carry out simple one or two step job instructions, and that the ability to withstand the stress and pressure associated with an eight hour work day was impaired, due to being fearful around people and not remembering complex things. (AR 229.)

On January 9, 2003 and July 8, 2003, Dr. Collado completed psychiatric medical source statements in which he opined that claimant was impaired in her ability to relate and interact with supervisors and coworkers; understand, remember and carry out an extensive variety of technical or complex instructions, but good in her ability to understand, remember and carry out simple one or two

step job instructions. (AR 256, 261.) She was also impaired in her ability to deal with the public; to maintain concentration and attention for at least 2 hours; or withstand the stress and pressure of an eight hour workday. (AR 261-262.)

The treatment records from Dr. Collado covers years 1992 into 2004. In 2002, 2003 and 2004, claimant continued to see Dr. Collado, primarily for medication evaluation. (See e.g., AR 263-272, 305-308.) At various times, she reported depression, but that medication continues to help; scared around people, denied suicidal or homicidal ideation.

### Hearing Testimony

Claimant testified that she has five children, with the youngest being 5 years old. (AR 333, 334.) They all live with her. (AR 333.) Her husband died. (AR 333.) Her oldest son takes care of her. (AR 334.) She testified that during the day she cooks for her children. (AR 336.) She does the chores around the house. (AR 337.) Her legs are weak and she falls down. (AR 338.) She is dizzy, but if she takes her medicine, she is not dizzy. (AR 340.) She does not have problems from her medication. (AR 340.) She cannot read or write English or her own language. (AR 341.) She goes to church, the market, the park, and visits a friend. (AR 346.) She still has depression, feels confused and takes medication to sleep. (AR 347.) The only job she had was to wash dishes in a restaurant. (AR 349.)

Vocational Expert ("VE") Cheryl Chandler testified. (AR 351.) The VE testified that washing dishes is light work. Given a hypothetical of a person with moderate limitation in their activities of daily living in their abilities to get along with others, but had a mild limitation in their ability to concentrate and to engage in work at an acceptable level of persistence and pace, the VE testified that this would not preclude unskilled work. (AR 351-352.)

### ALJ Findings

In his August 11, 2004 decision, the ALJ characterized the "primary issue" before him as whether claimant was disabled. (AR 13.) In determining claimant was not disabled and not eligible for disability benefits, the ALJ made the following findings (AR 23-24):

1. The claimant was found to be disabled within the meaning of the Social Security Act beginning June 6, 1991, and has not engaged in substantial gainful activity since that date.

2. The medical evidence establishes that the claimant currently suffers from a depressive disorder, not otherwise specified, which is a severe impairment based upon the requirement in the Regulations 20 CFR §416.920(b).

3. The medical evidence establishes the claimant does not have an impairment or combination of impairments which meet or medically equal the severity of an impairment listed in Appendix 1, Subpart P, Regulation No. 4.

4. The impairments present as of April 13, 1993, the time of the most recent favorable medical decision that the claimant was disabled, were severe depressive disorder, anxiety disorder, and post-traumatic stress disorder.

5. The medical evidence establishes that there has been improvement in the claimant's medical impairments since September 2001.

6. The medical improvement is related to the claimant's ability to work. 20 CFR §416.994 ( c).

7. The medical evidence establishes that the claimant currently has an impairment or combination of impairments that is severe.

8. The claimant's subjective complaints of a continued inability to engage in any work activity due to her impairments are not credible to the degree alleged.

9. Since September 2001, the claimant has had the residual functional capacity to perform work at all exertional levels involving simple repetitive tasks with limited public contact. 20 CFR §416.945.

10. The claimant has no past relevant work history.

11. Beginning September 1, 2001, the claimant has had the residual functional capacity to perform work at all exertional levels reduced by her inability to perform more than simple repetitive tasks with limited public contact, which would not significantly erode the occupational base. SSR 85-15.

12. As of September 2001, the claimant was 39 years old, defined as a younger individual. 20 CFR §416.963.

13. The claimant is illiterate. 20 CFR §416.964.

14. The claimant does not have any acquired work skills, as she has no past relevant work history.

15. The claimant's nonexertional limitations do not significantly compromise her ability to perform work at all exertional levels, and section 204.00, Appendix 2, Subpart P, Regulations No. 4 indicates that a finding of not disabled would be appropriate.

16. Considering the range of work at all levels that the claimant is still functionally capable of performing, in combination with her age, education, and work experience, and using the above cited section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, the claimant is not disabled.

17. The claimant's disability ceased on September 1, 2001. 20 CFR 416.994(b)95)(vii).

## DISCUSSION

### Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. *See* 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings). Substantial evidence is "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The record as a whole must be considered, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Jones,* 760 F.2d at 995. If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

Thus, this Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g) to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence

6

in the record as a whole. *Copeland v. Bowen*, 861 F.2d 536, 538 (9th Cir. 1988).

Claimant contends the ALJ's erred as follows: (1) lack of substantial evidence that there has been medical improvement, and (2) did not fully and fairly review the testimony.

### **The Standard for Medical Improvement**

Under the Social Security Act, claimant's may be terminated only upon a showing of substantial evidence that: (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and (B) the individual is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). "Medical improvement" occurs when there "is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1); 416.994(b)(1)(I). Plaintiff's medical improvement is thus to be assessed by comparing the current severity of his impairment with its severity at the time of the last medical assessment finding disability. *Id.* § 404.1594(b)(7); 416.994(b)(1). Additionally, before claimant's benefits can be terminated, any improvement in his medical condition must be accompanied by an increase in his "functional capacity to do basic work activities." *Id.* § 404.1594(b)(2); 416.994(b)(1)(iii), (iv). According to the regulations, claimant's medical improvement must be manifested in terms of improved signs, symptoms, or laboratory reports before the improvement will strip plaintiff of his disability status. 20 C.F.R. § 404.1594(b)(1); 416.994(b)(1).

Claimant criticizes the ALJ for finding claimant medically improved, given the medical history in this case. Claimant argues she is unable to engage in substantial gainful activity even at a sedentary level due to her non exertional limitations.

The ALJ extensively analyzed the medical records and claimant's testimony to satisfactorily determine claimant was no longer under a continuing disability. It is clear from these findings that the ALJ analyzed the records and medical opinions. The residual functional capacity is supported by the medical opinions of Drs. Michiel, Collado and Ikawa. The opinion of a reviewing physician and the ALJ's conducting an independent analysis of the medical evidence may constitute substantial evidence. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). State agency medical consultants are highly

qualified physicians who are experts in the evaluation of the medical issues in disability claims under the Act. *See* Social Security Ruling 96-6p.

The medical records established plaintiff's disability at plaintiff's first administrative hearing, decided on April 13, 1993. The records showed marked to moderate limitations in mental functioning and resulted in a finding that claimant had a moderately limited ability to deal with the public or understand, remember and carry out anything but simple job instructions and moderately to severely limited ability to deal with work stresses. (AR 15, 39-40.) In 2001, however, a consultative exam with Dr. Michiel found claimant cooperative, maintained good eye contact, coherent and logical, normal speech and body movements, thought process was goal oriented and not delusional. (AR 16, 199-200.) The ALJ reviewed the consultative examination and noted that Dr. Michiel diagnosed only a depressive disorder, and that Dr. Michiel concluded that claimant could maintain adequate attention and concentration, could carry out one or two step simple job instructions, could interact appropriately with co-workers supervisors and the general public, although she is unable to carry out complex instructions. (AR 16, 200.) Dr. Michiel reviewed and relied upon the treatment records.

In addition, Dr. Collado's later treatment notes, as extensively reviewed by the ALJ and compared with the April 13, 1993 comparison point, documents good response to treatment, that claimant was sleeping better, and she was less irritable and angry.

Claimant argues that the ALJ failed to adequately consider that she is unable to handle the stress of work. (Opening Brief p.4.)

Dr. Collado, in his January 9, 2003 and July 8, 2003 assessments, opined that claimant was "impaired" in ability to handle stress and pressured because "feels scared around people," and because of poor concentration and she cannot remember complex instructions. (AR 256, 262.) The ALJ however, addressed the issue of being around people: "The claimant never testified that she is 'scared' to be around people, as Dr. Collado's notes assert, and Ms. Fazio never asked her questions concerning this. Indeed, the claimant did testify that she goes to both the Buddhist and Christian Churches, goes to the park and the malls, shops at grocery stores, attends the Lao New Year's festival, and has a close female friend." (AR 19.) The ALJ found that Dr. Collado's limitations on handling stress were not supported by his own progress notes because the treatment notes repeatedly recorded improvement in

her condition. The ALJ found that claimant's "fear of being around people" as Dr. Collado's basis for reported she is unable to handle stress, is without support in the testimony or record. (AR 21.) The ALJ stated adequate reasons for partially rejecting Dr. Collado's findings.[1]

Contrary of claimant's argument, the record demonstrates that there is substantial evidence to support the ALJ's finding of nondisability. The ALJ extensively analyzed the medical records and claimant's testimony to adequately determine claimant was no longer under a continuing disability. The Court finds no error in this evaluation.

## **The ALJ's Evaluation of Plaintiff's Claims of Pain**

Claimant argues that the ALJ failed to fully or fairly consider the testimony in the case.

The claimant will not prevail in a court action simply because the evidence appears to support his or her position. This is so because the courts do not have the responsibility for weighing the evidence and resolving conflicts therein, that responsibility belongs to the Commissioner alone. *Richardson v. Perales*, 402 U.S. at 399. Where the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the commissioner. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Morgan v. Commissioner,* 169 F.3d 595, 599 (9th Cir. 1999). Thus, if the record as a whole offers substantial evidence to support the administrative findings, or if there is conflicting evidence that will support the findings, the finding of the Secretary is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

An ALJ may consider the following factors to determine the credibility of a claimant's allegations of disabling pain:

     1.    The nature, location, onset, duration, frequency, and intensity of any pain;

     2.    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

     3.    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

     4.    Treatment, other than medication, for relief of pain;

     5.    Functional restrictions;

---

[1] The ALJ accepted Dr. Collado's assessment that claimant has good ability to understand, remember and carry out simple one-or-two step instructions. (AR 21.)

  6. Claimant's daily activities;

  7. Unexpected, or inadequately explained, failure to seek treatment or follow up a prescribed course of treatment; and

  8. Ordinary techniques to test a claimant's disability.

*Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991); *see also* Social Security Ruling 96-7p.

  "In assessing the claimant's credibility, the ALJ may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in [his] testimony. The ALJ must give specific, convincing reasons for rejecting the claimant's subjective statements." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147, 1148 (9th Cir. 2001) (upholding adverse credibility finding where ALJ cited claimant's "lack of cooperation at the hearing, her presentation at the hearing, her tendency to exaggerate, her inconsistent statements, and her lack of cooperation during consultative examinations"); *Orteza v. Shalala*, 50 F.3d 748 (9th Cir.1995) (upholding adverse credibility finding where ALJ identified treating physician's statement as to lack of objective evidence, pointing to the scope of activities identified in claimant's initial application, no medication side effects or prescription medicine.); *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999) (upholding adverse credibility finding on claimant's inconsistent testimony with that of treating physician's notes, minimal conservative treatment for alleged incapacitating pain).

  The ALJ considered ordinary techniques of credibility in rejecting claimant's full complaints of mental impairment. First, the ALJ also noted that her complaints were inconsistent with the objective medical evidence. Claimant reported that she was able to dress and bathe herself, did light household chores and cooking. Her speech was essentially normal, she was coherent and logical. (AR 18.) The ALJ noted that claimant sees Dr. Collado in two month intervals only for medication evaluation. (AR 21.) His treatment notes reflect improvement with medication. (AR 21.) The ALJ noted that despite her allegations of disabling mental limitations, she was able to ask the disability hearing officer sharp, probing questions about her disability benefits, but then would contradictorily answer, "I don't know" to simple questions. (AR 21.) *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (the medical evidence suffices as "specific, clear, and convincing reasons" to discredit pain claims).

1  The ALJ also noted that Appellant had not required psychiatric hospitalization, that she saw her
2  treating physician about 6 times a year for medication review, and that she had not sought any other
3  mental health treatment. The need for infrequent or conservative treatment may refute allegations of
4  disabling pain or impairment. *See Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989).

5  The ALJ further noted another inconsistency:

6  "Although the claimant maintained she could not count, she would
7  sometimes give a definite statement, such as 'twice a month." (AR 21.)

8  Here, the ALJ considered multiple factors in discrediting claimant's severity of her complaints. He
9  considered her medication, her functional restrictions, her daily activities and treatment record. If there
10 is conflicting evidence that will support a finding of either disability or nondisability, the finding of the
11 Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). "Credibility
12 determinations are the province of the ALJ." *Fair v. Bowen*, 885 F.2d at 604. Accordingly, there is
13 substantial evidence in the record to support the ALJ's credibility finding.

14 Claimant also argues that the ALJ misstated that claimant was inconsistent with answers to Dr.
15 Michael, alleges the ALJ wrongly relied upon her questions to the translator, and wrongly relied on an
16 incident involving claimant wielding a knife. (Opening brief p.6.) Here, the ALJ made specific findings
17 supported by the substantial evidence in the Record, the Court cannot second guess his decision. *Id.*;
18 *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (it is not the court's role to second-guess the
19 ALJ's decision.)

20 **CONCLUSION**

21 The Court RECOMMENDS as follows:

22 The Court finds no error in the ALJ's analysis. As such, the ALJ's decision is supported by
23 substantial evidence in the Record as a whole and based on proper legal standards. Accordingly, this
24 Court DENIES claimant's appeal from the administrative decision of the Commissioner of Social
25 Security. The clerk of this Court is DIRECTED to enter judgment as a matter law in favor of defendant
26 Jo Anne B. Barnhart, Commissioner of Social Security and against claimant Sy Keonon.

27
28

1  These findings and recommendations are submitted to United States District Judge Oliver W. Wanger pursuant to 28 U.S.C. § 636(b)(l) and this Court's Local Rule 72-304.  Within 10 days of the date of service of these findings and recommendations, plaintiff may file written objections with the Court and serve a copy on all parties and the Magistrate Judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)( c).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 17, 2006**                    /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE